UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No. 8:01-cr-14-T-23MAP
                                                    8:02-cv-1847-T-23TMAP

DENZIL GRANT

_____/

## **O R D E R**

Denzil Grant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 challenges the validity of his sentence of 108 months' imprisonment imposed following a guilty plea entered without the benefit of a plea agreement. Grant alleges that he was denied the effective assistance of counsel because counsel failed to file an appeal challenging the sentence, despite Grant's request for counsel to appeal. Because trial counsel disputed Grant's desire to appeal, resolution of the dispute hinges upon the credibility of trial counsel and Grant. Consequently, the matter was referred to the Magistrate Judge to conduct an evidentiary hearing and prepare a report and recommendation.

The Magistrate Judge conducted an evidentiary hearing on June 6, 2005, and issued his report and recommendation the following day. After considering the testimony of both Grant and his former trial counsel, the Magistrate Judge found that "Grant did not ask nor expect his attorney to appeal," Report and Recommendation at 1 (Doc. 152), and that former trial counsel "discuss[ed] an appeal with Grant and Grant

decid[ed] against one." Report and Recommendation at 3 (Doc. 152). The Magistrate Judge's latter finding was based on counsel's testimony, which was supported by counsel's notes. *Id.* Finally, the Magistrate Judge found Grant not "believable for a number of reasons." Report and Recommendation at 4 (Doc. 152).

Grant's present counsel offers two objections (Doc. 156) to the Report and Recommendation, but neither objection addresses the Magistrate Judge's primary finding that Grant is not credible. Grant's credibility, as compared to that of his former trial counsel, determines the outcome of this case. Grant has not presented a basis for rejecting the Magistrate Judge's credibility determination.[*]

Accordingly, Magistrate Judge Pizzo's Report and Recommendation (Doc. 152) is **ADOPTED**. Grant's objections (Doc. 156) are **OVERRULED**. The motion to vacate sentence is **DENIED**. The clerk shall **ENTER A JUDGMENT** against Grant in the associated civil action and **CLOSE** that proceeding.

ORDERED in Tampa, Florida, on July 1, 2005.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro

---

[*] Worthy of note is former trial counsel's success in reducing Grant's guideline range based on all three arguments he advanced despite objection from the United States. Counsel achieved elimination of the firearm enhancement, a minor role adjustment, and a three-level downward adjustment for acceptance of responsibility even though Grant did not plead guilty until the morning of trial. This lowered by more than half Grant's possible sentence of 235 - 293 months and a minimum mandatory of ten years. With the additional application of the safety-valve provision and a sentence at the low end, Grant was sentenced to only 108 months. Report and Recommendation at 3 (Doc. 152).